Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

Matthew M. Loker, Esq.
Admitted pro hac vice
**LOKER LAW, APC**
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
(805) 994-0177
(805) 994-0197 (fax)
matt@loker.law

Nathan R. Zeltzer, Esq.
Nevada Bar No. 5173
**LAW OFFICE OF NATHAN R. ZELTZER**
232 Court Street
Reno, NV 89501
(775) 786-9993
nathan@zlaw.com

*Attorneys for Plaintiff Joseph Valdez, Jr.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Joseph Valdez, Jr., | Case No.: 3:20-cv-00015-LRH-CLB |
| Plaintiff, | **Stipulation for Plaintiff to amend the complaint** |
| v. | |
| Action Financial Services, LLC, | |
| Defendant. | |

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Joseph Valdez, Jr. ("Plaintiff") and Action Financial Services, LLC ("Defendant" and jointly as the "parties"), by and through their respective counsel, hereby submit this stipulation for Plaintiff to amend complaint, a copy of which is attached hereto.

Plaintiff filed the original complaint on January 10, 2020, in this court. ECF No. 1. Defendant filed its answer on February 6, 2020. The deadline to amend pleadings has not passed and this case is still in its infancy. ECF No. 10.

In consideration of the foregoing, and for good cause, IT IS HEREBY STIPULATED that Plaintiff shall immediately file and serve the Amended Complaint attached hereto as Exhibit A.

Dated: May 7, 2020.

**KIND LAW**

/s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
*Counsel for Joseph Valdez, Jr.*

**ALVERSON TAYLOR & SANDERS**

/s/ Trevor Waite
Kurt R. Bonds, Esq.
Trevor Waite, Esq.
6605 Grand Montecito Parkway, Suite 200
Las Vegas, NV 89149
*Counsel for Action Financial Services, LLC*

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: May 8, 2020

# EXHIBIT A

| | |
|---|---|
| **LOKER LAW, APC**<br>Matthew M. Loker, Esq.<br>*Admitted pro hac vice*<br>matt@loker.law<br>1303 East Grand Avenue, Suite 101<br>Arroyo Grande, CA 93420<br>Telephone: (805) 994-0177<br>Facsimile: (805) 994-0197 | **KIND LAW**<br>Michael Kind, Esq. (13903)<br>mk@kindlaw.com<br>8860 South Maryland Pkwy, Ste. 106<br>Las Vegas, NV 89123<br>Telephone: (707) 337-2322<br>Facsimile: (707) 329-5881 |

**LAW OFFICE OF NATHAN R. ZELTZER**
Nathan R. Zeltzer, Esq. (5173)
232 Court Street
Reno, NV 89501
Telephone: (775) 786-9993
*Attorneys for Plaintiff Joseph Valdez, Jr.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH VALDEZ, JR.,<br><br>Plaintiff,<br><br>v.<br><br>ACTION FINANCIAL SERVICES, LLC,<br><br>Defendant. | **Case No.:** 20-cv-15-LRH-CLB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF**<br><br>1. **FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.; AND,**<br><br>2. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. In enacting the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. The FDCPA is intended to eliminate abusive debt collection practices by debt collectors. The Act ensures that law-abiding debt collectors are not competitively disadvantaged, and protects consumers against debt collection uniformly among the States.

2. Joseph Valdez, Jr. ("Plaintiff"), by counsel, brings this action to challenge the actions of Action Financial Services, LLC ("Defendant"), with regard to Defendant's unlawful attempts to collect debt from Plaintiff, causing harm to Plaintiff.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

6. Any violations by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

# JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

8. This action arises out of Defendant's violations of the FDCPA; and, intentional infliction of emotional distress.

9. Defendant is subject to personal jurisdiction in Nevada, as it is registered with the Nevada Secretary of State and conducts business in Nevada, attempted to collect debt from Plaintiff in Nevada, and is licensed to collect debt in Nevada.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because all the conduct giving rise to this complaint occurred in Nevada.

## PARTIES

11. Plaintiff is a natural person who resides in Washoe County, Nevada.

12. Plaintiff is alleged to owe a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a company that collects consumer debt.

14. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a debt collector as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15. Plaintiff is alleged to have owed a debt for a student loan incurred in or around 2005-2007 in New York (the "debt").

16. The debt was allegedly incurred primarily for personal, family or household purposes (a student loan) and the Debt is therefore a debt as that term is defined by 15 U.S.C. §1692a(5).

17. However, Plaintiff never took out any such student loan.

18. Plaintiff has never been to New York, and has no connection with that State.

19. The loan was the result of identity theft.

20. For years, Plaintiff has disputed the debt with various companies and collection agencies, including by filing a police report and reporting the identity theft to the Department of Education.
21. In or around August 2019, Defendant began its collection efforts of this fraudulent debt from Plaintiff.
22. Upon information and belief, Defendant was aware of Plaintiff's claims of identity theft when it began attempting to collect money from Plaintiff since Plaintiff provided numerous disputes to the Department of Education.
23. Regardless, Plaintiff disputed the debt with Defendant directly on multiple occasions.
24. Plaintiff was told that the only way to have the collection attempts stopped was to (1) obtain a court judgment that conclusively finds that you were a victim of identity theft and identifies the name(s) of the individual(s) who committed the crime, (2) provide a written statement that describes how the identity theft relates specifically to your student loan(s), and (3) provide a clear copy of a valid government-issues photo identification card or social security card.
25. Defendant confirmed during a telephonic communication with Plaintiff that it would not cease its collection attempts until Plaintiff completed the above three steps
26. Thus, Plaintiff provided abundant documentation to Defendant to establish that Plaintiff was not liable for the debt at issue herein.
27. To begin with, Defendant's written communications were sent to "Jose" Valdez.
28. Plaintiff has never gone by Jose, nor has Plaintiff asked others to call him Jose.
29. In addition, Plaintiff provided Plaintiff's 2017 W9 and Nevada Driver's License both of which also included Plaintiff's signature for comparison purposes.

30. Furthermore, Plaintiff's disputes to Defendant included Plaintiff's Basic Enrollment in the Montgomery GI Bill executed in 2018.
31. This Enrollment included an additional copy of Plaintiff's signature for comparison purposes.
32. Plaintiff also provided Plaintiff's executed passport to Defendant in connection with Plaintiff's disputes.
33. Additionally, Plaintiff's disputes included Plaintiff's Release of Discharge from Active Duty.
34. This document provided another signature sample; and, shows that Plaintiff resided in New Mexico at the time Plaintiff enrolled in the military.
35. Finally, Plaintiff provided a police report to Defendant in connection with Plaintiff's disputes.
36. Plaintiff's police report provided further identifying information, such as Plaintiff's telephone number and personal e-mail address, as well as a narrative explaining the basis for Plaintiff's belief that Plaintiff is the victim of identity theft.
37. The disputes and supporting documents outlined herein caused Defendant and the Department of Education to provide alleged "validation" documents to Plaintiff.
38. One such document was the Federal Stafford Loan Master Promissory Note (the "Note").
39. The Note further reflected multiple items of information easily verifiable as not belonging to Plaintiff.
40. Specifically, the last name of Valdez Quezada was listed on the Note, a name that Plaintiff has never utilized.
41. The Note also utilized a telephone number and e-mail address that Plaintiff has never used.

42. Furthermore, the Note listed a home address in Puerto Rico yet Plaintiff has never lived there.

43. The Note also identified references of Conny Quezada of Puerto Rico, as the borrower's mother, and Beth Valdez of New York, as the borrower's relative.

44. Plaintiff does not know these individuals; is not related to either of them; and, has never utilized this information in connection with any application, or other document, for any purpose.

45. Plaintiff's abundant documentation as compared to the inconsistencies on Defendant's validation documents should have caused Defendant to conclude that Plaintiff was not responsible for the debt.

46. Despite receipt of this information, Defendant continued its collection efforts directed at Plaintiff and continues to assert the debts validity through its defense of this lawsuit.

47. Defendant repeatedly violated the FDCPA as discussed below.

## PLAINTIFF'S DAMAGES

48. Plaintiff has suffered emotional distress and mental anguish as a result of Defendants' actions described herein, exacerbated by years of dealing with the student loan and identify theft matter, and false accusations regarding this fake debt. In addition, Plaintiff was forced to pay out-of-pocket for legal representation, and incurred out-of-pocket costs and time in his repeated attempts to dispute Defendant's actions.

49. Plaintiff has also been denied the ability to utilize Plaintiff's otherwise strong credit as a result of the delinquencies associated with this debt.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

# COUNT ONE
# FAIR DEBT COLLECTION PRACTICES ACT
# 15 U.S.C. §§ 1692 ET SEQ.

50. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

51. Defendant's conduct also violated § 1692d in that Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse any person in connection with the collection of a debt. Specifically, Defendant's demand for Plaintiff to obtain a judgment, as described above, in order to show that the loan was identity theft has the natural consequence to harass, oppress, or abuse a consumer.

52. Defendants' conduct violated § 1692e by using false, deceptive, and misleading representations and means in connection with the collection of any debt.

53. Defendant's conduct violated 15 U.S.C. § 1692e(2) in that Defendant falsely represented the amount and the legal status of the debt.

54. Defendant's conduct violated § 1692e(5) by threatening to take action against Plaintiff which could not be legally taken in connection with the debt.

55. Defendant's conduct violated § 1692e(10) in that Defendant employed various false representations and deceptive means in an attempt to collect the debt from Plaintiff.

56. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt by filing the collections letter against Plaintiff.

57. Defendant's conduct violated 15 U.S.C. § 1692f(l) in that Defendant attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

58. 15 U.S.C. § 1692g(b) states: If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

59. Defendant's harsh requirements for consumers to prove identity theft overshadowed, weakened, and failed to comply with, the notice required by 15 U.S.C. § 1692g because it attempted to limit the rights available to Plaintiff in a manner that would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in § 1692g.

60. By misrepresenting that Plaintiff had the obligation to provide documentation of the disputed debt, and not the other way around, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of sections 1692d, 1692e, 1692f, and 1692g.

61. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA.

62. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT TWO

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63. Plaintiff repeats, re-alleges, and incorporates by reference all previous paragraph.

64. Defendant acted with extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress to Plaintiff.

65. As a result of Defendant's conduct, Plaintiff suffered severe and extreme emotional distress by being subjected to Defendant's extreme and outrageous conduct

66. Defendant's conduct is the actual and proximate cause of Plaintiff's emotional distress.

67. Defendant's conduct was oppressive and malicious, such that an award of punitive damages is justified in order to punish Defendant and deter others from like conduct.

68. As a result of Defendant's conduct, Plaintiff has been required to hire an attorney and will seek to recover his reasonable attorneys' fees, under NRS 18.010 or as otherwise allowed by law, and costs.

## PRAYER FOR RELIEF

69. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of reasonable attorney's fees and costs of litigation, pursuant to 15 U.S.C. § 1692k(a)(3); and, NRS 18.010
- Declaratory relief, finding that Plaintiff is the victim of identity theft and/or that Plaintiff is not required to obtain such a finding under the FDCPA;
- Actual and punitive damages according to Plaintiff's IIED claim; and,
- Any other relief that this Court deems just and proper.

## JURY DEMAND

70. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 7, 2020                                              Respectfully submitted,

**KIND LAW**

/s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123

CASE NO.: 20-cv-15-LRH-CLB     9 of 10     *Valdez, Jr. v. Action Financial Services*
**FIRST AMENDED COMPLAINT**

LAW OFFICE OF NATHAN R. ZELTZER

/s/ Nathan R. Zeltzer
Nathan R. Zeltzer, Esq.
232 Court St.
Reno, NV 89501

LOKER LAW

/s/ Matthew M. Loker
Matthew M. Loker, Esq.
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420

*Attorneys for Joseph Valdez, Jr.*